IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00117-F-1
No. 5:13-CV-00460-F

| | | |
|---|---|---|
| ANTOINE STEED, | ) | |
|     Petitioner | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-33] Antoine Steed's pending Motion to Vacate, Set Aside, or Correct pursuant to 28 U.S.C. § 2255 [DE-26]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED.

**Factual and Procedural Background**

On April 16, 2010, Steed was charged in a three-count indictment. *See* Indictment [DE-14]. In Count One, Steed was charged with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846. Count Two charged Steed with distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). In Count Three, Steed was charged with distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

Steed's arraignment was held on June 9, 2010. At his arraignment, pursuant to a written plea agreement [DE-20], Steed pled guilty to Count One. It was agreed that Counts Two and Three would be dismissed at sentencing.

On November 12, 2010, the court held Steed's sentencing hearing. Steed was sentenced

to 225 months' imprisonment on Count One. *See* Judgment [DE-23]. Steed did not appeal his conviction or sentence.

Steed filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-26] on June 25, 2013. In his section 2255 motion, Steed's sole argument is that he is entitled to resentencing in light of the Supreme Court's decision in *Dorsey v. United States*, 132 S.Ct. 2321 (2012).

On September 2, 2013, the Government filed a Motion to Dismiss [DE-33]. In its Motion to Dismiss, the Government contends that dismissal is warranted for the following reasons: (1) Steed waived the right to pursue his claim; and (2) Steed is not entitled to relief under section 2255.

## Discussion

**Steed's claim is barred by the waiver in his plea agreement.**

Steed's plea agreement contained a waiver of his right to challenge his conviction or sentence under 28 U.S.C. § 2255, except in limited circumstances. Such a waiver is enforceable if the defendant waives this right knowingly and voluntarily. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). The determination regarding whether a waiver is knowing and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d

2

at 221-22.

In this case, Steed's plea agreement, which he signed and agreed to in open court, contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-20] at 1-2. The court finds that Steed's waiver was both knowing and voluntary. Moreover, even if it were not, Steed is foreclosed from raising the issue because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")

Steed's claim that he is entitled to resentencing in light of the Supreme Court's decision in *Dorsey* does not deal with ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his guilty plea. Accordingly, pursuant to the waiver in his plea agreement, Steed has waived the right to pursue this claim.

## Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-33] is ALLOWED, and Steed's section 2255 motion [DE-26] is DISMISSED. The court concludes that Steed has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

3

SO ORDERED.

This the 13th day of February, 2015.

                                     *James C. Fox*
                                     James C. Fox
                                     Senior United States District Judge